UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
TARYNN KATZ
on behalf of herself and
all other similarly situated consumers

                     Plaintiff,

     -against-

PROFESSIONAL CLAIMS BUREAU, INC.

                     Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Tarynn Katz seeks redress for the illegal practices of Professional Claims Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Garden City, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Tarynn Katz*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about January 19, 2019, the Defendant mailed Plaintiff a letter seeking to collect on a debt purportedly owed to "Phelps Memorial Hosp. Physici."

11. The alleged debt was non-existent.

12. The Plaintiff would certainly not have agreed to any medical services that would not be covered by insurance.

13. A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." Shapira v United Med. Serv., 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965); Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

14. Under New York law, a valid debt can only exist if there is an express contractual agreement between the parties.

15. As per New York's Medicaid rules, Medicaid beneficiaries "must not be referred to a

collection agency for collection of unpaid medical bills or otherwise billed, except for applicable Medicaid co-payments."

16. The bill being sought by Defendant is not an applicable co-payment but rather an attempt to collect the actual debt.

17. By sending a collection letter to the Plaintiff to collect on the debt, Defendant misrepresented the status of the debt as collectible, when it is not allowed to attempt to collect the debt from the Plaintiff, and Plaintiff is not required to pay it.[1]

18. The Defendant is well aware that any implied contract can only rest upon a showing by the provider, that the services were performed and accepted with the understanding of both sides that there was a fee obligation.

19. At no time, did the Plaintiff enter into contract with the alleged creditor, nor did she signed any agreement with the creditor.

20. The Plaintiff did in fact, visit Phelps Memorial Hospital on August 20, 2018 and had provided her insurance; however, she did not request any medical services which would not be entirely covered by the medical insurance or which would result in any fee obligation.

21. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to Phelps

---

[1] Raytman v. Jeffrey G. Lerman, P.C., 2018 U.S. Dist. LEXIS 180075, at *13-15 (S.D.N.Y. Oct. 19, 2018). ("Here, not only did Plaintiff not have personal knowledge of the validity of the debt, but she would have had to be "familiar with thousands of pages of Medicaid regulation which include the fact that [she was] not obligated to pay certain medical bills," in order for her not to have been misled by the notice. (Def. Reply 13). This Court cannot find that the average consumer, much less the least sophisticated consumer, would have a working knowledge of those regulations... the Second Circuit found that the letter was misleading because it misstated the plaintiff's debt obligation [and] this Court cannot expect that the "least sophisticated consumer" would have a working knowledge of New York's Medicaid payment rules, and thus that such a consumer would have been misled by the October Letter. Plaintiff has thus plausibly alleged that the letter was misleading, in violation of § 1692e... Plaintiff alleges that Defendant attempted to collect a debt that was not authorized under the New York Medicaid Rules. In fact, "state law expressly prohibits the collection of medical bills other than applicable co-payments from New York Medicaid recipients." (Pl. Opp. 17). As discussed above, Plaintiff has plausibly pleaded that Defendant attempted to collect an invalid debt, in violation of Medicaid regulations. Therefore, Plaintiff [*16] has stated a plausible claim under § 1692 and does not need to plead further allegations of unfairness or unconscionability.")

Memorial Hospital when it was not the case.

22. Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff's insurance company was unwilling to assist Plaintiff in connection with her medical bills.

23. Defendant's deceptive language misleads the debtor in to believing that her cannot resolve this debt with her insurance company.

24. Even if this statement is true the letter deceptively conveys to the consumer that because debt has been "processed" by insurance that this debt is absolute and is the "obligation of the responsible party," misleading the consumer to believe that there would be no point in contacting either the medical provider, or the debtor's insurance provider(s), when in fact a myriad of possibilities exist in which such medical debts are in error.

25. By way of a few limited examples: a) The debtors' insurance company may have made an error in processing, b) The medical provider may have made in error in overcharging. c) Payment may have been misapplied by either the insurance company or medical provider. d) The debtor may have secondary insurance that would cover this charge. The different possibilities of resolving this debt go on and on.

26. Every year, the New York State Department of Health provides nearly a billion dollars of Bad Debt and Charity Care funds to state hospitals for underinsured Patients and underinsured Patients can have access to these State Charity Funds to pay the remaining debts to the hospital or their medical service providers.

27. Defendant's deceptive language in the said letter discourages the debtor from trying to directly contact his or her medical service provider.

28. Defendant's deceptive language discourages the debtor from trying to work this debt out, or obtain options directly from his or her medical service provider.

29. The least sophisticated debtor, by reading the above mentioned language, would be deceptively dissuaded from contacting his or her insurance company directly.

30. The FDCPA at section 1692e(10) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her

right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. As an actual and proximate result of the acts and omissions of Professional Claims Bureau, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

41. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty (40) as if set forth fully in this cause of action.

42. This cause of action is brought on behalf of Plaintiff and the members of a class.

43. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about January 19, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Phelps Memorial Hosp. Physici; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

      of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

      A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

      B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

      C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 16, 2019


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

-9-



| | |
|---|---|
| Balance Due | $25.00 |
| PCB # | ▮▮▮437 |
| Client Acct # | ▮▮▮264 |
| Creditor: | PHELPS MEMORIAL HOSP. PHYSICI |
| Provider: | THAU, STEVEN |
| Patient Name: | TARYNN KATZ |
| Service Date: | 08/20/18 |

 **PROFESSIONAL CLAIMS BUREAU, INC.**
NYC Dept of Consumer Affairs License #0811196
"Se Habla Espanol"

E-Mail: info@pcbinc.org

Phone: 877-247-4659
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

Pay Online 24/7/365
www.paypcb.com

### IMPORTANT ACCOUNT INFORMATION

The above referenced account has been referred to our offices for collection by the creditor listed above.

Our professional account representatives are available to help you resolve this situation in a way that is acceptable to both you and our client.

There is a good chance that this balance represents a balance after insurance or a balance that your insurance carrier has denied for some reason.

For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card.
www.paypcb.com

Additionally, feel free to mail your check, money order or credit card information along with the payment stub below.
*Whatever you do, please do not choose to ignore this outstanding debt.*
This is an attempt to collect a debt. Any information obtained will be used for that purpose.
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you are experiencing difficulty paying your hospital and physician bills, MSK has a Financial Assistance Program to assist patients with their financial responsibility. For additional information, please call 212-639-3810.

Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*
A/C REP: L MARCUS EXT 8228

656561B (PC2)

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.

PO Box 9060
Hicksville, NY 11802-9060
**RETURN SERVICE REQUESTED**



Account #: ▮▮▮264
Patient Name: TARYNN KATZ
Statement Date: 01/15/2019
Balance Due: $25.00

We accept: DISCOVER VISA MasterCard

Amount Paid

card number _____ expiration date _____
signature _____ cvv code _____
print name _____

☐ Health/Flex Spending Account

0014581437
PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.



006172
0101

TARYNN KATZ

541